Rocio Delgado Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

** This disposition is not appropriate for publi-

**Rony DJOENAEDI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72700.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Sept. 14, 2009.*

Filed Oct. 2, 2009.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Michelle Gorden Latour, Esquire, Assistant Director, Jessica Eden Sherman, Esquire, Trial, Mona Maria Yousif, Trial, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Rony Djoenaedi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of an application for withholding of removal and relief under CAT, *see Malkandi v. Mukasey*, 544 F.3d 1029, 1035 (9th Cir.2008), and we review de novo due process claims, *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932 (9th Cir.2007). We grant in part and deny in part the petition for review, and remand for further proceedings.

■ Substantial evidence supports the IJ's conclusion that Djoenaedi failed to establish that he suffered past persecution in Indonesia because the two incidents Djoenaedi experienced do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Substantial evidence also supports the BIA's determination that Djoenaedi failed to establish that ethnic Chinese Christians are subject to the systematic mistreatment required to demonstrate a "pattern or practice" of persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–1181 (9th Cir.2007) (en banc) (ethnic Chinese Christian petitioner did not establish an individualized risk or a pattern or practice of persecution in Indonesia).

■ The BIA found the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004), does not apply to withholding of removal claims. Intervening case law holds the disfavored group analysis does apply. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir.2009). Accordingly, we remand to the BIA for consideration of whether, under *Sael* and *Wakkary*, Djoenaedi is entitled to withholding of removal.

■ Substantial evidence supports the BIA's denial of CAT relief because Djoenaedi failed to show it is more likely than not he would be tortured if returned to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

■ The IJ and BIA did not violate Djoenaedi's due process rights by engaging in speculation to conclude that Djoenaedi's parents and four brothers have continued to reside in Indonesia without harm. Djoenaedi was specifically asked about harm to his family members who remain in Indonesia, and the only incidents he reported were those that occurred prior

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to his departure from Indonesia in 2000. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process challenge).

**PETITION FOR REVIEW GRANT-ED in part; DENIED in part; RE-MANDED.**